[Cite as *State v. Petty*, 2016-Ohio-1425.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RONNIE PETTY | : | Case No. 15-CA-57 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Municipal Court,
                                                              Case No. 15-TRC-5063


JUDGMENT:                                        Reversed and Remanded


DATE OF JUDGMENT:                        March 31, 2016


APPEARANCES:

For Plaintiff-Appellant                         For Defendant-Appellee

DANIEL E. COGLEY                           ANDREW T. SANDERSON
123 East Chestnut Street                    118 West Chestnut Street
Lancaster, OH  43130                         Lancaster, OH  43130

*Farmer, P.J.*

{¶1} On May 16, 2015, Ohio State Highway Patrol Trooper Robert Bradley and Sergeant Danny Calhoun observed a motorcycle being operated by appellee, Ronnie Petty, turn left into a parking lot without using a turn signal. The troopers initiated a traffic stop. Upon investigation, it was discovered that appellee had removed the turn signals to install saddlebags and had not replaced them. Appellee's passenger stated she used a hand signal to indicate the approaching turn which the troopers did not see.

{¶2} As a result of the traffic stop, appellee was charged with operating a vehicle while impaired by alcohol in violation of R.C. 4511.19(A)(1)(a) and (h) and operating a vehicle without turn signal devices in violation of R.C. 4513.261.

{¶3} On July 10, 2015, appellee filed a motion to suppress, claiming an unreasonable search and seizure. A hearing was held on October 23, 2015. By judgment entry filed October 27, 2015, the trial court granted the motion, finding the troopers lacked reasonable articulable suspicion to conduct the traffic stop, and sua sponte dismissed the case.

{¶4} Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED BY *SUA SPONTE* DISMISSING, BY WRITTEN ENTRY, THE CRIMINAL CHARGES PENDING AGAINST APPELLEE."

II

{¶6}   "THE TRIAL COURT ERRED IN FINDING LAW ENFORCEMENT LACKED REASONABLE AND ARTICULABLE SUSPICION TO INITIATE A TRAFFIC STOP ON APPELLEE."

{¶7}   We will address Assignment of Error II first as we find it to be dispositive of this appeal.

II

{¶8}   Appellant claims the trial court erred in granting appellee's motion to suppress as the evidence established the troopers had reasonable articulable suspicion to initiate the traffic stop.  We agree.

{¶9}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact.  In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993).  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion,

whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶10} In *Terry v. Ohio,* 392 U.S. 1, 22 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman,* 64 Ohio St.2d 291 (1980), paragraph one of the syllabus.

{¶11} " 'As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.' " Katz, *Ohio Arrest, Search and Seizure,* Section 17:4, at 479 (2013 Ed.), quoting *Whren v. United States,* 517 U.S. 806, 810. As stated by our brethren from the Eleventh District in *State v. Cronin,* 11th Dist. Hamilton No. C-100266, ¶11-12:

> Probable cause can exist even if the officer incorrectly determines that a traffic violation has occurred or if the officer misunderstands the law that the driver is allegedly violating.***The test is whether an objectively

reasonable police officer would believe that a traffic violation has occurred based upon the totality of the circumstances.***This is an objective standard, not a subjective one.***

The proper focus is not on whether a defendant could have been stopped because a traffic violation had in fact occurred, but on whether the officer had probable cause to believe an offense had occurred. The fact that a defendant could not ultimately be convicted of failure to obey a traffic signal is not determinative of whether an officer acted reasonably in stopping him for that offense.***"Probable cause does not require the officer to correctly predict that a conviction will result."*** (Footnotes omitted.)

{¶12} R.C. 4511.39 governs use of signals for turning. Subsection (A) states the following impertinent part:

No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.

When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning***.

Any stop or turn signal required by this section shall be given either by means of the hand and arm, or by signal lights that clearly indicate to

both approaching and following traffic intention to turn or move right or left, except that any motor vehicle in use on a highway shall be equipped with, and the required signal shall be given by, signal lights when the distance from the center of the top of the steering post to the left outside limit of the body, cab, or load of such motor vehicle exceeds twenty-four inches, or when the distance from the center of the top of the steering post to the rear limit of the body or load thereof exceeds fourteen feet, whether a single vehicle or a combination of vehicles.

{¶13} In its judgment entry filed October 27, 2015, the trial court noted both troopers "testified that they did not know if a hand signal had been given as they were not in a position to see a hand signal." Because both troopers "indicated that they do not know if a violation occurred" under R.C. 4511.39(A), the troopers lacked a reasonable articulable suspicion to stop appellee.

{¶14} Reasonable articulable suspicion does not rise to the level necessary for a criminal conviction to an offense. Katz, *supra,* at 479-480, quoting *Bowling Green v. Godwin,* 110 Ohio St.3d 58, 2006-Ohio-3563. In fact, in many cases involving OVI, a citation for the de minimis traffic violation is not pursued.

{¶15} Both troopers testified that at 2:54 a.m., they observed a motorcycle westbound on County Road 33A make a left-hand turn into a K-Mart parking lot without giving a mechanical turn signal. T. at 5-6, 18. The troopers stopped the motorcycle and appellee freely admitted he had removed the mechanical turn signals to install saddlebags and had not replaced them, a violation of R.C. 4513.261(A)(2), a charged

offense.  T. at 8.  The passenger stated she used a hand signal to indicate the approaching turn.  T. at 18-19.  Both troopers stated they did not see any signal initiated by appellee. T. at 11, 21.

{¶16}  The claim raised by appellee, that a hand signal was made, may very well result in an acquittal of a violation of R.C. 4511.39(A) had appellee been charged with such offense, but does not negate the logical perception of the troopers on the scene that a turn signal was not made by appellee.  R.C. 4511.39(A) requires a driver or a person attempting to make a turn to give the appropriate signal, not a passenger.

{¶17}  Upon review, we find the troopers had reasonable articulable suspicion to stop the motorcycle, and the trial court erred in granting the motion to suppress.

{¶18}  Assignment of Error II is granted.

I

{¶19}  Appellant claims the trial court erred in sua sponte dismissing the charges. Consistent with Assignment of Error II, this assignment of error is granted.

{¶20} The judgment of the Municipal Court of Fairfield County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Farmer, P.J.

Hoffman, J. and

Baldwin, J. concur.

SGF/sg 316