[Cite as *State v. Trout*, 2019-Ohio-124.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Plaintiff – Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 18-CA-00043 |
| BENJAMIN TROUT | |
| Defendant – Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:  Appeal from the Licking County Court of Common Pleas, Case No. 2017 TRC 14368

JUDGMENT:  Reversed, Conviction Vacated and Remanded

DATE OF JUDGMENT ENTRY:  January 15, 2019

APPEARANCES:

For Plaintiff-Appellee

J. MICHAEL KING
Assistant Law Director
City of Newark
40 West Main Street
Newark, Ohio  43055

For Defendant-Appellant

ROBERT E. CALESARIC
3 South Park Place
Suite 150
Newark, Ohio  43055

*Hoffman, J.*

{¶1} Defendant-appellant Benjamin Trout appeals his conviction entered by the Licking County Municipal Court, on one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(f-i), after the trial court found him guilty following its acceptance of his no contest plea. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2} Following a traffic stop on December 9, 2017, Appellant was cited for failure to use a signal, in violation of R.C. 4511.39; failure to use a seat belt, in violation of R.C. 4513.263(B)(1); operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a); and operating a motor vehicle with a prohibited breath alcohol concentration, in violation of R.C. 4511.19(A)(1)(h).  Appellant entered pleas of not guilty to the charges at his arraignment on December 13, 2017

{¶3} Appellant filed a Motion to Dismiss/Suppress Evidence and for Findings of Fact.  The trial court conducted a hearing on the motion on February 23. 2018

{¶4} The following evidence was adduced at the hearing.

{¶5} At approximately 12:57 a.m. on December 9, 2017, Troopers Daniel Voght and Drew Untied of the Ohio State Highway Patrol were traveling in a marked car eastbound on West National Drive, Newark, Licking County, Ohio.  At the intersection of National Drive and South Third Street[1], they observed the vehicle in front of them bear right onto East National Drive without signaling.  Trooper Voght believing the driver, who

---

[1] In its April 25, 2018 Judgment Entry, the trial court erroneously referred to the cross street at which the alleged violation occurred as "South Second Street."  However, a review of the transcript of the hearing on the motion to suppress as well as an image from Google Maps indicates the alleged violation occurred at the intersection of West National Drive and South Third Street.  Trooper Voght testified he initiated the stop at the intersection of East National Drive and South Second Street.

was subsequently identified as Appellant, had committed a traffic infraction, activated his overhead lights and initiated a stop. Trooper Untied, likewise, believed Appellant had committed a traffic infraction, testifying, "So, at this intersection, I expect every vehicle approaching this intersection to signal." Transcript of Suppression Hearing at 26. Appellant was ultimately cited with the aforementioned charges.

{¶6} National Drive is a two lane road, which runs east/west with traffic travelling in both directions. South Third Street, which is also a two lane road, runs north/south with traffic travelling in both directions. South Third Street dead ends at National Drive. There is a stop sign on South Third Street where it meets National Drive on the north side of the intersection. There is a stop sign for westbound traffic on National Drive on the east side of the intersection with South Third Street, however, there is not a stop sign at the same intersection for eastbound traffic on the west side of the intersection.

{¶7} After hearing the evidence, the trial court found Appellant was not required to signal a turn at the intersection of East National Drive and South Third Street; therefore, there was no traffic violation. However, the trial court found an issue remained as to whether the troopers had a good faith belief Appellant had committed a turn signal violation, which would render the traffic stop valid, and ordered the parties to brief the issue.

{¶8} Via Judgment Entry after Oral Hearing on Motion to Suppress filed April 25, 2018, the trial court denied Appellant's motion to suppress. The trial court found "the troopers were confronted with an ambiguous situation in which a reasonable person might question whether a turn signal [was] required to bear right and continue on National Drive at the intersection with South [Third] Street." *Id.* at 4. The trial court concluded "the

troopers' mistaken interpretation of the statute was reasonable under the circumstances." *Id.* at 5.

**{¶9}** Appellant appeared before the trial court on May 21, 2018, withdrew his former plea of not guilty, and entered a plea of no contest to one count of operating a motor vehicle with a prohibited breath alcohol concentration, in violation of R.C. 4511.19(A)(1)(f-i). The trial court ordered Appellant to serve 365 days in the Licking County Justice Center, but suspended 305 days and placed Appellant on probation for a period of two years. The trial court memorialized Appellant's conviction and sentence via Judgment of Conviction filed May 21, 2018.

**{¶10}** It is from his conviction Appellant appeals, raising as his sole assignment of error:

TRIAL COURT COMMITTED HARMFUL ERROR WHEN IT RULED THAT THE ROADWAY WAS NOT A TURN THAT REQUIRED A TURN SIGNAL ACCORDING TO 4511.39(A) BUT YET DID NOT SUPPRESS THE TRAFFIC STOP PURSUANT TO APPELLANT'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE.

*Standard of Review*

**{¶11}** Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist. 1998). During a suppression hearing, the trial court assumes the role

of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf,* 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist. 1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams,* 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist. 1993), overruled on other grounds.

{¶12} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, *Williams,* supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist. 1994).

**{¶13}** Appellant challenges the trial court's denial of his motion to suppress based upon its finding the troopers' mistaken interpretation of the statute was reasonable. We disagree with the trial court's conclusion.

**{¶14}** Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts, an occupant is or has been engaged in criminal activity. *State v. Logan,* 5th Dist. Richland No. 07–CA–56, 2008–Ohio–2969, ¶ 15, quoting *State v. Gedeon* (1992), 81 Ohio App.3d 617, 618. Reasonable suspicion constitutes something less than probable cause. *State v. Carlson* (1995), 102 Ohio App.3d 585, 590. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo* (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. In a situation where the officer has observed a traffic violation, the stop is constitutionally valid. *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 9, 665 N.E.2d 1091. Accordingly, "if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *State v. Mays,* 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008–Ohio–4539, ¶ 8.

**{¶15}** Appellant was charged with violating R.C. 4511.39(A), which provides:

No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.

When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning, * * *.

**{¶16}** The trial court in the case sub judice determined Appellant did not make a "turn" as contemplated by R.C. 4511.39(A); therefore, the troopers did not observe a traffic infraction. April 25, 2018 Judgment Entry at 3. The trial court noted such determination did not end its inquiry and proceeded to analyze the reasonableness of the troopers' mistaken interpretation of the statute pursuant to *Heien v. North Carolina*, ⎯⎯ U.S. ⎯⎯, 135 S.Ct. 530, 190 L.Ed.2d 475 (2014). The trial court found "the troopers were confronted with an ambiguous situation in which a reasonable person might question whether a turn signal is required to bear right and continue on National Drive at the intersection with South [Third] Street." *Id.* at 4. The trial court concluded "the troopers' mistaken interpretation of the statute was reasonable under the circumstances." *Id.* at 5.

**{¶17}** We find the trial court correctly determined Appellant was not required to use his turn signal as his continuous travel on National Drive did not constitute a turn and, as such, the troopers did not observe a traffic infraction. However, unlike the trial court, we find the troopers' mistaken interpretation of the statute was unreasonable.

**{¶18}** Similar to the case at bar, the United States Supreme Court in *Heien*, supra, considered whether a police officer's erroneous interpretation of a motor vehicle statute was reasonable. In *Heien*, a North Carolina Sheriff's Officer observed a vehicle traveling along the highway with a malfunctioning brake light. *Id.* at 534. Believing the faulty brake light was in violation of the state's motor vehicle code, the officer executed a traffic stop.

*Id.* A search of the vehicle conducted during the stop resulted in the discovery of illegal drugs. *Id.* The driver moved to suppress the evidence derived from the search, asserting the stop and search had violated his Fourth Amendment rights. *Id.* at 535.

**{¶19}** The officer stopped the vehicle based upon a state statute which requires a car be "equipped with a stop lamp on the rear of the vehicle. * * * The stop lamp may be incorporated into a unit with one or more other rear lamps." *Id.* However, another subsection of the statute provides "all originally equipped rear lamps" be functional. *Id.* at 540. The United States Supreme Court found the traffic stop did not violate the driver's Fourth Amendment rights because the officer's mistake of law was objectively reasonable. *Id.* The Court explained because the one provision suggested a "stop lamp" was a type of "rear lamp," while another provision required vehicles "have all originally equipped rear lamps ... in good working order", the officer was objectively reasonable in believing both brake lights were required to be working because the brake lights were "originally equipped" on the vehicle. *Id.*

**{¶20}** The Court cautioned, "The Fourth Amendment tolerates only *reasonable* mistakes, and those mistakes—whether of fact or of law—must be *objectively* reasonable." *Id.* at 539. The Court added, "We do not examine the subjective understanding of the particular officer involved." *Id.*

**{¶21}** As stated, supra, we do not find the troopers' mistake of law to be objectively reasonable. R.C. 4511.39 clearly states, "When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning, * * *." Regardless of the physical necessity to turn slightly to the right when continuously traveling on National

Drive, the curvature of the roadway is not a "turn" as contemplated by the statute. We have reviewed the video and find it confirms our finding as well as the trial court's finding Appellant did not make a "turn". Appellant was not required to signal and the troopers' belief he was statutorily obligated to do so was based upon their subjective understanding of R.C. 4511.39.

**{¶22}** Additionally, we find R.C. 4511.39(A) is not ambiguous. The language of the statute, as set forth, supra, is clear; therefore, the trial court did not need to address the question of whether the troopers acted in an objectively reasonable manner. "*Heien* does not support the proposition that a police officer acts in an objectively reasonable manner by misinterpreting an *unambiguous* statute." *United States v. Stanbridge*, 813 F.3d 1032, 1037 (7th Cir. 2016).

**{¶23}** The focus is not on whether a reasonable person might question whether a turn signal is required. The focus is on whether the troopers were objectively reasonable in interpreting the unambiguous statue.

**{¶24}** Based on the statute, which mandates a motorist's duty to signal only when required, and the fact Appellant was continuously traveling on National Drive, we conclude an objectively reasonable officer would not have concluded Appellant's failure to use a turn signal was a violation of R.C. 4511.39.

**{¶25}** Appellant's sole assignment of error is sustained.

{¶26} The judgment of the Licking County Court of Common pleas is reversed, Appellant's conviction is vacated, and the matter is remanded to the trial court for further proceedings in accordance with our opinion and the law.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur.