[Cite as *State v. Snell*, 2022-Ohio-3755.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2022 CA 00001 |
| DOMINIK SNELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. 2020 CR 00355


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      October 20, 2022


APPEARANCES:

For Plaintiff-Appellee

ROBERT N. ABDALLA
ASSISTANT PROSECUTOR
20 South Second Street
Newark, Ohio 43055

For Defendant-Appellant

BRIAN A. SMITH
BRIAN A. SMITH LAW FIRM LLC
123 South Miller Road, Suite 250
Fairlawn, Ohio 44333

*Wise, J.*

{¶1}   Appellant Dominik Snell appeals the judgment of the Licking County Court of Common Pleas denying the motion to suppress evidence. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On July 23, 2020, Appellee was indicted on one count of Aggravated Possession of a Controlled Substance in violation of R.C. §2925.11(A)(C)(1) and one count of Possessing a Defaced Firearm in violation of R.C. §2923.201(A)(2).

{¶3}   On August 11, 2020, Appellant entered a plea of not guilty to both charges.

{¶4}   On September 8, 2020, Appellant filed a Motion to Suppress, arguing the traffic stop violated Appellant's Constitutional protections and that law enforcement impermissibly extended the traffic stop.

{¶5}   On September 18, 2020, Appellee filed a Memorandum in Opposition of Defendant's Motion to Suppress.

{¶6}   On September 29, 2020, Appellant filed a Response to State's Memorandum in Opposition of Defendant's Motion to Suppress.

{¶7}   On October 19, 2020, the trial court held a hearing on Appellant's Motion to Suppress granting Appellant's Motion to Suppress.

{¶8}   The State subsequently appealed the trial court's decision granting the Motion to Suppress.

{¶9}   On February 19, 2021, this Court reversed the trial court's decision to grant Appellant's Motion to Suppress, remanding the case back to the trial court.

{¶10}  On April 7, 2021, Appellant filed a Renewed Motion to Suppress.

**{¶11}** On May 11, 2021, Appellee filed a Response to Appellant's Renewed Motion to Suppress.

**{¶12}** On May 14, 2021, the trial court held a hearing on Appellant's Renewed Motion to Suppress.

**{¶13}** At the hearing, Officer Burris testified that on July 15, 2020, while working in his capacity as a police officer, he followed Appellant's vehicle as it left a house which was under surveillance for drug activity. While stopped at a traffic light, Appellant initiated his turn signal and then turned right when the light changed to green.

**{¶14}** Officer Burris initiated a traffic stop on Appellant for failing to signal a turn at least 100 feet before an intersection.

**{¶15}** Officers Burris and Carter approached the vehicle and asked for license, registration, and proof of insurance. Appellant did not have his driver's license, so Officer Burris requested his Social Security number. Officer Burris requested permission to search the vehicle; Appellant refused.

**{¶16}** A canine unit then arrived at the scene. Officer Stephens ran Appellant's information through the computer to determine the identity of Appellant and if Appellant had a valid driver's license.

**{¶17}** While Officer Stephens was checking Appellant's information, Officer Burris walked the canine around Appellant's vehicle. Appellant's information came back that Appellant had a suspended license. At this point the canine alerted Officer Burris that narcotics were present in the vehicle.

**{¶18}** Officers then searched Appellant's vehicle. Inside the vehicle officers located a lock box containing a bag of methamphetamine and a loaded firearm.

{¶19} On June 14, 2021, the trial court denied Appellant's Renewed Motion to Suppress.

{¶20} On December 8, 2021, Appellant entered a plea of no contest to the indictment.

{¶21} The trial court sentenced Appellant to four-to-six years in prison on Count One and one hundred and eighty days in jail on Count Two to run concurrently.

## ASSIGNMENT OF ERROR

{¶22} Appellant filed a timely notice of appeal. He herein raises the following Assignment of Error:

{¶23} "I. BECAUSE THE TRIAL COURT'S FINDINGS OF FACT WERE NOT SUPPORTED BY THE RECORD, THE TRIAL COURT INCORRECTLY APPLIED THE LEGAL STANDARD IN APPELLANT'S CASE, AND THE TRIAL COURT IMPROPERLY DECIDED THE ULTIMATE ISSUES TO BE DECIDED AS PART OF APPELLANT'S RENEWED MOTION TO SUPPRESS. THE TRIAL COURT ERRED IN DENYING APPELLANT'S RENEWED MOTION TO SUPPRESS, IN VIOLATION OF APPELLANT'S RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."

## I.

{¶24} In Appellant's sole Assignment of Error, Appellant argues the trial court erred in denying Appellant's Renewed Motion to Suppress. We disagree.

{¶25} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable

searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews*, 57 Ohio St.3d 86, 87, 565 N.E.2d 1271 (1991).

**{¶26}** Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142,145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusions, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), *overruled on other grounds*, *State v. Gunther*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶16.

**{¶27}** Three methods exist to challenge a trial court's ruling on a motion to suppress. First, appellant may challenge the trial court's findings of facts. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). "A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence." *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994). Second, appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, the appellate court can reverse the trial court for committing an error of law. *Williams* at 41. Third, appellant may argue the trial court incorrectly decided the ultimate

issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case (Citation omitted). *Curry* at 96.

**Impermissible Delay of Traffic Stop**

**{¶28}** First, Appellant argues the trial court erred as their findings of fact were incorrect. Specifically, the trial court found Officer Burris asked Officer Stephens to check the defendant's information. Appellant alleges that the video shows no such check took place.

**{¶29}** The record shows that Officer Burris relayed Appellant's information to Officer Stephens. Officer Burris then inquired about the contents of the vehicle. Appellant argues Officer Burris had not received a response back from officer Stephens yet so was not allowed to ask any questions of Appellant. However, the test, as set forth in *State v. Robinette*, 80 Ohio St.3d 234, 240, 685 N.E.2d 762, 767 (1997), is:

> When a police officer's objective *justification* to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure.

**{¶30}** An officer may briefly extend a traffic stop to inquire about the presence of illegal drugs or weapons. *Id.* However, the officer must ascertain reasonably articulable facts giving rise to a suspicion of criminal activity while inquiring to justify a more in-depth

investigation. *Id.* Therefore, "[t]he critical question, then, is not whether the dog sniff occurs before or after the officer issues a ticket … but whether conducting the sniff 'prolongs' – i.e. adds time to- 'the stop'" *Rodriguez v. United States*, 575 U.S. 348, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015).

**{¶31}** In other words, a motorist may be detained beyond the time frame necessary to conduct the stop for the purposes of the traffic violation when "additional facts are encountered that give rise to a reasonable, articulable suspicion [of criminal activity] beyond that which prompted the initial stop[.]" *State v. Smith*, 117 Ohio App.3d 278, 285, 690 N.E.2d 567 (1st Dist.1996) citing *State v. Myers*, 63 Ohio App.3d 765, 771, 580 N.E.2d 61 (2nd Dist.1990).

**{¶32}** The United States Supreme Court held an officer may not prolong a traffic stop to perform a drug sniff if the "overall duration of the stop remains reasonable in relation to the duration of other stops involving similar circumstances." *Rodriguez* at 1616. However, reasonableness depends on what the police actually do and how they do it. *Id.*

**{¶33}** In *State v. Hall*, 2nd Dist. Darke No. 2016-CA-13, 2017-Ohio-2682, 90 N.E.3d 276, officers confirmed the defendant's identification, then did nothing to process the traffic stop while awaiting the canine unit to arrive. The Second District Court of Appeals found that the officer did nothing for eight minutes to process the traffic stop, and that the officer's inaction was not reasonable or diligent. *Id.* The officer unreasonably prolonged the stop, and the evidence was properly suppressed.

**{¶34}** In the case *sub judice*, the record shows Officer Stephens was processing Appellant's information while Officer Burris briefly inquired of the contents of the vehicle and walked the canine around the outside of the vehicle. The canine indicated the

presence of narcotics. This provided Officer Burris with reasonable suspicion based upon specific, articulable facts to extend the traffic stop. Officer Burris's mere questioning of the contents of the vehicle while Officer Stephens processed Appellant's information is supported by competent, credible information and did not impermissibly extend the stop.

**Traffic Stop**

**{¶35}** Appellant also argues that the trial court impermissibly found the traffic stop to be valid. Appellant contends the record does not show a traffic violation.

**{¶36}** Traffic stops based upon observation of a traffic violation are constitutionally permissible. *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 1996-Ohio-431, 665 N.E.2d 1091. Any traffic violation may form a sufficient basis upon which to stop a vehicle. *State v. Bangoura*, 5th Dist. Licking No. 08 CA 95, 2009-Ohio-3339, ¶14.

**{¶37}** R.C. §4511.39(A), in pertinent part, states:

No person shall turn a vehicle * * * unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal[.]

* * *

[A] signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning[.]

**{¶38}** The record shows Officer Burris behind Appellant's vehicle. Appellant's vehicle is stopped at a red traffic light. When the traffic light turns green, Appellant engages his turn signal and makes a right-hand turn. Officer Burris then initiates a traffic stop due to a violation of R.C. §4511.39(A). The statute requires a "signal of intention to

turn" must be continuous from not less than one hundred feet prior to the vehicle turning. Appellant's turn signal clearly was not continuous from at least one hundred feet prior to the vehicle turning to the time when the vehicle turned.

{¶39} Under the totality of the circumstances, we find that the officer had reasonable and articulable suspicion to stop Appellant's vehicle based on his observation of a traffic offense. The trial court therefore did not err in overruling Appellant's Motion to Suppress.

{¶40} Appellant's sole Assignment of Error is overruled.

{¶41} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/br 1013