[Cite as *State v. Moore*, 2025-Ohio-1326.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. Jason P. Smith, J. |
| | : | Hon. Michael D. Hess, J. |
| -vs- | : | |
| | : | Judges Smith and Hess |
| ROBERT LEE MOORE, JR. | : | Sitting by Assignment by the |
| | : | Supreme Court of Ohio |
| Defendant-Appellant | : | |
| | : | Case No. 2024 CA 000018 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
                            Pleas, Case No. 2023 CR 000201


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    April 14, 2025


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JASON R. FARLEY                           JACOB T. WILL
627 Wheeling Avenue                       121 South Main Street, Suite 250
Cambridge, OH  43275                      Akron, OH  44308

*Smith, J.*

{¶ 1}   Defendant-Appellant, Robert Lee Moore, Jr., appeals the January 23, 2024 judgment of the Court of Common Pleas of Guernsey County, Ohio, denying his motion to suppress.  Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 15, 2023, Cambridge Police Lieutenant Fred Wagner, observed a vehicle being operated by Moore make a left turn without using a turn signal.  The lieutenant initiated a traffic stop.  Upon investigation, drugs were discovered in Moore's vehicle.

{¶ 3}   On November 7, 2023, the Guernsey County Grand Jury indicted Moore on one count of possessing a Fentanyl related compound in violation of R.C. 2925.11.

{¶ 4}   On January 2, 2024, Moore filed a motion to suppress, claiming an unreasonable stop.  He argued he did not fail to use his turn signal because he proceeded through the intersection and bore left, but did not turn.  A hearing was held on January 18, 2024.  By judgment entry filed January 23, 2024, the trial court denied the motion, finding Lieutenant Wagner had probable cause to initiate the traffic stop for Moore's failure to use a turn signal.

{¶ 5}   On February 16, 2024, Moore pled no contest to the charge.  The trial court found Moore guilty.  By judgment entry of sentence filed April 26, 2024, the trial court sentenced Moore to three years of community control.

{¶ 6}   Moore filed an appeal with the following assignment of error:

I

{¶ 7}   "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS."

I

{¶ 8}   In his sole assignment of error, Moore argues the trial court erred in denying his motion to suppress.  We disagree.

{¶ 9}   As stated by the Supreme Court of Ohio in *State v. Leak,* 2016-Ohio-154, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact."  *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.   In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."  *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992).   On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).   Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id.*

{¶ 10} "The Fourth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 14, prohibit unreasonable searches and seizures."  *State v. Emerson*, 2012-Ohio-5047, ¶ 15.   "'As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.'"  Katz, *Ohio Arrest, Search and Seizure,* Section 17:4, at 479

(2013 Ed.), quoting *Whren v. United States,* 517 U.S. 806, 810 (1996); *see also Dayton v. Erickson,* 76 Ohio St.3d 3, 11 (1996); *State v. McDonald,* 2004-Ohio-5395, ¶ 20 (4th Dist.). As stated by our colleagues from the Eleventh District in *State v. Cronin,* 2011-Ohio-1479, ¶ 11-12 (11th Dist.):

Probable cause can exist even if the officer incorrectly determines that a traffic violation has occurred or if the officer misunderstands the law that the driver is allegedly violating. The test is whether an objectively reasonable police officer would believe that a traffic violation has occurred based upon the totality of the circumstances. This is an objective standard, not a subjective one.

The proper focus is not on whether a defendant could have been stopped because a traffic violation had in fact occurred, but on whether the officer had probable cause to believe an offense had occurred. The fact that a defendant could not ultimately be convicted of failure to obey a traffic signal is not determinative of whether an officer acted reasonably in stopping him for that offense. "Probable cause does not require the officer to correctly predict that a conviction will result." (Footnotes omitted.)

{¶ 11} R.C. 4511.39 governs use of signals for turning. Subsection (A) states the following in pertinent part:

No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain

that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.

When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning. . . .

. . .

Any stop or turn signal required by this section shall be given either by means of the hand and arm, or by signal lights that clearly indicate to both approaching and following traffic intention to turn or move right or left. . . .

{¶ 12} A violation of R.C. 4511.39 has been held to provide sufficient justification to initiate a stop of a defendant's vehicle. *State v. Snell*, 2022-Ohio-3755, ¶ 38-39 (5th Dist.); *State v. Petty*, 2016-Ohio-1425, ¶ 16 (5th Dist.); *State v. Williams*, 2014-Ohio-4897, ¶ 9 (4th Dist.).

{¶ 13} In his motion to suppress, Moore argued he was traveling on Dewey Avenue and approached the intersection of Wheeling Avenue and North 5th Street. Once at the intersection, he did not turn left or right, but proceeded straight onto North 5th Street. He argued it was physically necessary for him to turn slightly to the left while continuously travelling through the light at the intersection, but "not such a curvature as to constitute a 'turn' under 4511.39." In support of his argument, Moore cited this court's opinion in *State v. Trout,* 2019-Ohio-124 (5th Dist.).

{¶ 14} In *Trout,* the defendant was stopped for failing to use a turn signal. The defendant was observed in Licking County, Ohio on West National Drive at the intersection of National Drive and South 3rd Street; the defendant bore right onto East

National Drive without using a turn signal. The trial court found Trout did not make a "turn" as contemplated in R.C. 4511.39(A). But the trial court went on to find an "ambiguous situation" at the intersection and concluded the troopers' mistaken interpretation of the statute was reasonable given the circumstances and denied the motion to suppress. This court reversed the trial court, finding the troopers' mistaken interpretation of the statute was unreasonable. *Trout* at ¶ 17. The court went on to state the following (*Id.* at ¶ 21-22):

> Regardless of the physical necessity to turn slightly to the right when continuously traveling on National Drive, the curvature of the roadway is not a "turn" as contemplated by the statute. We have reviewed the video and find it confirms our finding as well as the trial court's finding Appellant did not make a "turn". Appellant was not required to signal and the troopers' belief he was statutorily obligated to do so was based upon their subjective understanding of R.C. 4511.39.
>
> Additionally, we find R.C. 4511.39(A) is not ambiguous. The language of the statute, as set forth, supra, is clear; therefore, the trial court did not need to address the question of whether the troopers acted in an objectively reasonable manner.

{¶ 15} The court concluded: "The focus is not on whether a reasonable person might question whether a turn signal is required. The focus is on whether the troopers were objectively reasonable in interpreting the unambiguous statute." *Id.* at ¶ 23.

{¶ 16} Here, Moore was traveling eastbound on Dewey Avenue as he approached Wheeling Avenue. There is a traffic light at the intersection; directly opposite the traffic light is a structure, so a vehicle cannot go straight. Dewey Avenue ends at Wheeling Avenue and a driver has three choices: either turn hard-left onto Wheeling Avenue or bear left onto North 5th Street or turn right onto Wheeling Avenue. January 18, 2024 T. at 20. The traffic light has a "No Turn on Red" sign from Dewey Avenue to Wheeling Avenue, so a driver's action is treated as a right turn. *Id.* at 20-21. Moore proceeded north onto North 5th Street bearing left, crossing Wheeling Avenue in the process. Moore did not use a turn signal.

{¶ 17} The issue before the trial court as stipulated to by the State was whether Lieutenant Wagner had probable cause to stop Moore for a traffic violation. *Id.* at 6. Lieutenant Wagner testified to observing Moore travel through the traffic light bearing left without activating his turn signal. *Id.* at 17-18, 23. This intersection has two lanes of travel without dedicated left or right turn lanes. *Id.* at 19.

{¶ 18} In its judgment entry filed January 23, 2024, the trial court distinguished the *Trout* case, stating Trout "continued traveling on the same roadway [bearing right] where there was not a stop sign at the intersection. Here, the Defendant was at a traffic light then turned off of Dewey Avenue/U.S. Route 40 and onto North 5th Street" (bearing left) without using a turn signal in violation of R.C. 4511.39(A); therefore, Lieutenant Wagner had probable cause to initiate the traffic stop. We agree with the distinction between this case and the *Trout* case. A review of the dashcam video shows the curve to the left is equal to the curve to the right, as the aforementioned structure created a "Y" in the road at the light. State's Exhibit A. The "No Turn on Red" sign at the light indicates the curve to the right is a right turn which would require a turn signal; therefore, it is not ambiguous

that the curve to the left is a left turn requiring a turn signal. Lieutenant Wagner observed Moore make the left turn without using a turn signal. This observation "provided objective evidence from which a reasonable police officer could have concluded that a traffic violation had occurred." *Cronin,* 2011-Ohio-1479, at ¶ 13 (1st Dist.). Because Lieutenant Wagner personally observed the traffic violation, he had probable cause to conduct the traffic stop.

{¶ 19} Upon review, we find the trial court did not err in denying Moore's motion to suppress.

{¶ 20} The sole assignment of error is denied.

{¶ 21} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By Smith, J.

Baldwin, P.J. and

Hess, J. concur.